UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

| | |
|---|---|
| TERRANCE LAMONT MOORE,<br><br>      Petitioner,<br><br>V.<br><br>J. C. HOLLAND, *Warden*,<br><br>      Respondent. | Civil Action No. 6:15-CV-211-KKC<br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Petitioner Terrance Lamont Moore is an inmate confined by the Bureau of Prisons ("BOP") in the United States Penitentiary ("USP")-McCreary, located in Pine Knot, Kentucky. Proceeding without an attorney, Moore has filed a handwritten petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1]; a handwritten motion to proceed *in forma pauperis* [R. 2], and a handwritten "Motion for Temporary Restraining Order; Motion for Order Requiring Defendants to Comply with P.L.R.A Process; and Motion for Preliminary Injunction" [R. 3].

On December 2, 2015, the Court entered a Deficiency Order [R. 4] directing Moore to address the unresolved filing fee issue. Moore then filed a motion to proceed *in forma pauperis* [R. 6] and his inmate account statement [R. 7], but he also paid the $5.00 filing fee [R. 8]. Moore's two motions to proceed *in forma pauperis* will therefore be denied as moot.

In conducting an initial review of habeas petitions under 28 U.S.C. § 2243, the Court must deny the relief sought "if it plainly appears from the petition and any attached

1

exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Moore's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts Moore's factual allegations as true, and liberally construes his legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). But having reviewed the habeas petition, the Court must deny it because Moore may not obtain the relief which he seeks in a § 2241 habeas corpus proceeding. The Court will also deny Moore's motion requesting the entry of a preliminary injunction/temporary restraining order.

## ALLEGATIONS OF THE § 2241 PETITION

In his § 2241 petition and motion requesting a preliminary injunction/restraining order, Moore challenges various conditions of his confinement. He alleges that various USP-McCreary officials have violated his rights guaranteed under the Fifth and Eighth Amendments of the U.S. Constitution; that these officials have prevented him from complying with the administrative remedy process, in violation of the Prison Litigation Reform Act ("PLRA"); and that they have verbally threatened him with harm.

Moore alleges that USP-McCreary staff members have refused to process his grievance forms, and asserts that their allegedly improper handling of his requests to file grievances violates his rights under the Fifth Amendment of the U.S. Constitution, which guarantees due process of law. [R. 1, pp. 1-3] Moore also alleges that various USP-McCreary staff members have denied him "safe conditions" and proper medical and

psychiatric care, *see id.*, pp. 2-3, in violation of his rights guaranteed under the Eighth Amendment of the U.S. Constitution, which prohibits cruel and unusual punishment.

Moore further alleges that on October 29, 2105, he was served with an Incident Report charging him with a prison infraction, "Refusing Programs," a BOP Code 307 violation,[1] and that on November 3, 2015, the prison's Unit Disciplinary Committee ("UDC") revoked "various privileges." [*Id.* p. 5] Moore contends that he received no advance notice that the UDC would take any action against him. [*Id.*]

In addition to naming Warden J.C. Holland, Warden of USP-McCreary, as a "defendant," Moore also identifies the following individuals as "defendants" to this action: (1) "Mr. Mabe," USP-McCreary Case Manager; (2) "Mr. Davis," USP-McCreary Case Manager, and (3) "S.I.S Agents" (presumably meaning "Special Investigative Services" Agents). *See* handwritten case caption, R. 1, p. 1. Moore asks this Court to enter an order which: (1) directs the USP-McCreary staff to provide him with "proper and immediate" psychiatric treatment; (2) directs the BOP to investigate USP-McCreary staff members; (3) transfers him to another BOP institution; and (4) prohibits the named defendants from threatening him or retaliating against him for filing this proceeding. [*Id.*, pp. 5-6]

### DISCUSSION
### 1.  Dismissal of § 2241 Petition Without Prejudice

Moore may not obtain the various forms of relief which he seeks because the underlying claims which he asserts in this proceeding are merely challenges to the conditions of his confinement, not claims which are recognized as falling under the ambit of

---

[1] The BOP ranks violations of prison rules by severity, starting with "Greatest Category" (Code Nos. 100-199); then "High Category" (Code Nos. 200-299); then "Moderate Category" (Code Nos. 300-399); and concluding with "Low Moderate Category" (Code Nos. 400-499). *See* 28 C.F.R. § 541.3(a). Sanctions applicable to each category of offenses are listed in Table 1 of § 541.3, *Prohibited Acts and Available Sanctions*. The infraction to which Moore refers, "Refusing to Obey an Order of Any Staff Member," is a BOP Code 307 violation that falls into the "Moderate Severity" of Prohibited Acts. *See id.*

28 U.S.C. § 2241. The only claims which a federal prisoner can properly submit under § 2241 are those challenging the execution of his sentence, such as the manner in which the BOP has computed his sentence credits or determined his parole eligibility. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999). Moore is *not* challenging the manner in which the BOP is executing his sentence; instead, he is complaining about various conditions of his confinement at USP-McCreary. Again, Moore alleges that various USP-McCreary staff members have deliberately restricted or impaired his ability to file administrative grievances; that they have violated the PLRA; that they have denied him proper medical and/or psychiatric care; that they have threatened him and/or retaliated against him; and that because of these alleged actions/inactions, he seeks a transfer to another BOP facility.

Further, Moore has labeled his initiating document [R. 1] as a § 2241 habeas petition, but he identified Holland, Mabe, Davis, and the unidentified SIS Agents as "defendants." [R. 1, p. 1] Additionally, in the caption of his initiating document, Moore labeled his own filing as a "Prisoner Complaint under 28 U.S.C. § 2241, Habeas Corpus Petition; **and/or Alternatively, Complaint Under Six Unknown Federal Narcotics Agents (§ 1983)**." [*Id.* (bold emphasis added)] Moore's description of his own filing indicates that he is treating it as a civil rights complaint in which he seeks injunctive relief as to his prison conditions, not as a *bona fide* habeas corpus proceeding under 28 U.S.C. § 2241. Given these facts, Moore is challenging the conditions of his confinement at USP-McCreary, *not* the manner in which the BOP is executing his sentence and/or calculating his good-time credits.

Habeas corpus relief is not available to prisoners asserting complaints about the conditions of their confinement or alleged mistreatment during their legal incarceration.

*See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004); *Sullivan v. United States*, 90 F. App'x 862, 863 (6th Cir. 2004); *Lutz v. Hemingway*, 476 F.Supp.2d 715, 718 (E.D. Mich. 2007). Prison complaints concerning conditions of confinement "do not relate to the legality of the petitioner's confinement, nor do they relate to the legal sufficiency of the criminal court proceedings which resulted in the incarceration of the petitioner." *Lutz*, 476 F.Supp.2d at 718 (quoting *Maddux v. Rose*, 483 F.Supp. 661, 672 (E.D. Tenn.1980)). A claim challenging conditions of confinement must be brought in a civil rights action under 28 U.S.C. § 1331, based on the doctrine announced in *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). The filing fee for a *Bivens* action is $400.00, but if Moore files a civil rights action Moore may request pauper status and permission to pay that filing fee in installments.

Moore complains about an Incident Report dated October 29, 2015, in which he was charged with "Refusing to Obey and Order." Moore does not, however, allege that the charge has *in fact* resulted in a disciplinary conviction and sanction which includes the loss of any of good-time credits, although under the applicable Table, a conviction of BOP Code 307 offense could implicate in the forfeiture of good-time credits. Indeed, according to Moore's own version of the facts, the "Incident Report" was issued in late October 2015, only about two months ago, and when Moore filed this proceeding on November 24, 2015, the matter had progressed only to the UDC level. The loss of good-time credits does entitle a prisoner to seek habeas relief under 28 U.S.C. § 2241, but unless and until Moore has actually been ordered to forfeit any good-time credits, he cannot pursue relief under § 2241. Again, because Moore did not allege that he had *actually lost* any good-time credits when he

5

filed this §2241 habeas proceeding on November 24, 2015, any construed habeas claim was, and is, premature.

That critical consideration aside, even if a prisoner has been ordered to forfeit good-time credits, he cannot seek habeas relief under 28 U. S. C. § 2241 unless and until he has administratively appealed a disciplinary conviction and sanction imposed by disciplinary hearing officer. *Little v. Hopkins*, 638 F.2d 953, 954 (6th Cir. 1981) (*per curiam*). Under the BOP's Administrative Remedy Program, a prisoner's first level of appeal from a disciplinary conviction is to the Regional Director. 28 C.F.R. § 542.14(d)(2). If dissatisfied at that level, the prisoner must appeal to the General Counsel within thirty calendar days of the date the Regional Director signed the response, absent a valid reason for delay. 28 C.F.R. § 542.15(a). The appeal process takes, at a minimum, ninety days, and if extensions are granted, the process can take up to one hundred and twenty days. Thus, at this juncture, any construed habeas claim challenging the possible loss of good-time credits is premature.

Moore's § 2241 petition will be dismissed without prejudice to his right to file a *Bivens* civil rights actions in which he may assert his various Fifth and Eighth Amendment condition of confinement claims relating to the alleged events at USP-McCreary.[2] Moore's § 2241 petition will also be dismissed without prejudice to Moore's right to file another § 2241 petition **if and when** he: (1) actually suffers the loss of good-time credits as a result of the October 29, 2015, "Incident Report" to which he refers in pages 4-5 of his initiating document [R. 1] **and**, (2) completes the BOP's administrative remedy process for appeals.

---

[2] To the extent that Moore alleges that he was denied the proper forms for filing administrative grievances, and that he was thus was denied due process of law in that respect, the Court parenthetically notes that prisoners have no inherent constitutional right to an effective prison grievance procedure. *See Hewitt v. Helms*, 459 U.S. 460, 467 (1983); *Overholt v. Unibase Data Entry, Inc.*, 221 F.3d 1335, 2000 WL 799760, at *3 (6th Cir. June 14, 2000) (Unpublished Table decision); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991).

## 2. Denial of Motion for Preliminary Injunction [R. 3]

The Court will also deny Moore's motion for an injunction, in which he asks this Court to order the defendants to comply with the PLRA and to refrain from retaliating against him and/or issuing disciplinary incident reports against him because he has filed this proceeding. Generally, the moving party bears the burden of establishing his entitlement to a preliminary injunction. *See Overstreet v. Lexington–Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). In addressing a motion for a preliminary injunction, a court should consider: (1) the likelihood that the movant will succeed on the merits; (2) whether the movant will suffer irreparable harm without the injunction; (3) the probability that granting the injunction will cause substantial harm to others; and (4) whether the public interest will be advanced by issuing the injunction. *Summit County Democratic Central and Executive Committee v. Blackwell*, 388 F.3d 547, 552 (6th Cir. 2004); *Rock and Roll Hall of Fame and Museum, Inc. v. Gentile Productions*, 134 F.3d 749, 753 (6th Cir. 1998); *Six Clinics Holding Corp., II v. Cafcomp Sys., Inc.*, 119 F.3d 393, 399 (6th Cir. 1997). "These factors are not prerequisites, but are factors that are to be balanced against each other." *Overstreet*, 305 F.3d at 573. Usually, the failure to show a likelihood of success on the merits is fatal. *Gonzales v. National Bd. of Med. Examiners*, 225 F.3d 620, 625 (6th Cir. 2000).

As previously discussed, Moore has improperly asserted his various condition-of-confinement challenges in a § 2241 habeas proceeding instead of in a *Bivens* civil rights action. Further, the broad-based allegations which Moore asserts in support of his request for a preliminary injunction/temporary restraining order are speculative, at best. Moore has not demonstrated the likelihood of success as to any of his Fifth and Eighth

Amendment condition of confinement claims, which he asserts only in very general terms. Therefore, Moore has not satisfied the first criterion of the analysis. As discussed, condition of confinement claims must be administratively exhausted pursuant to the BOP's administrative remedy process, set forth in 28 C.F.R. §542. 13-18, and absent a fully developed administrative record, the Court cannot properly assess Moore's speculative allegation that prison officials may retaliate against him in some respect. Moore cannot circumvent the BOP's administrative remedy process by filing a broadly worded motion seeking injunctive relief in a § 2241 habeas proceeding.

As for the second criterion of the injunctive relief analysis, Moore has not demonstrated that he will suffer irreparable injury without an injunction as any of his allegations. As for the third and fourth criteria of the analysis, Moore does not allege that others would suffer harm if the injunctive relief is denied, nor has he demonstrated that the public interest would be adversely affected if his request for an injunction is denied. Indeed, such an injunction could constitute harm. "In the context of prison management ... the status quo is to allow the BOP to manage its facilities and the prisoners incarcerated there. A restraining order would disturb the status quo and encroach on the BOP's discretion." *Smith v. Sniezak*, No. 4:07-CV-0306, 2007 WL 642017, *2 (N.D. Ohio February 27, 2007). The courts are ever cautioned to stay out of the business of micro-managing prisons. *See Bell v. Wolfish*, 441 U.S. 520 (1979); 482 U.S. 78 (1987); *Turney v. Scroggy*, 831 F.2d 135 (6th Cir. 1987). In keeping with that established concept, this Court therefore declines to interject itself into the administrative activities and practices at USP-McCreary pertaining to Moore.

Moore's § 2241 petition will be denied, as will his motion seeking immediate injunctive relief, and this habeas proceeding will be dismissed without prejudice to Moore's right to file a *Bivens* civil rights action.

## CONCLUSION

Accordingly, it is hereby **ORDERED** as follows:

1. Terrance Lamont Moore's 28 U.S.C. § 2241 petition for a writ of habeas corpus [R. 1] is **DENIED WITHOUT PREJUDICE** to Moore's right to file a 28 U.S.C. § 1331 civil rights actions asserting his condition of confinement claims, and/or another 28 U.S.C. § 2241 habeas corpus petition, if and when he actually suffers the loss of good-time credits as a result of the October 29, 2015, "Incident Report" to which he refers in pages 4-5 of his initiating document [R. 1].

2. Moore's motions to proceed *in forma pauperis* [R. 2; R. 6] are **DENIED** as **MOOT**.

3. Moore's "Motion for Temporary Restraining Order; Motion for Order Requiring Defendants to Comply with P.L.R.A Process; and Motion for Preliminary Injunction" [R. 3] is **DENIED**.

4. The Court will enter an appropriate Judgment.

5. This matter is **STRICKEN** from the docket.

This April 11, 2016.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY